FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 24 2006

JAMES R LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WO KENNEYWICK, LLC,
a Washington Limited Liability
Company,

                Plaintiff,

vs.

THE ORCHARD AT HANSEN
PARK, LLC, a Washington Limited
Liability Company,

                Defendant.

No. CV-06-0189-AAM

**ORDER GRANTING
MOTION FOR REMAND
TO STATE COURT**

    **BEFORE THE COURT** is the Plaintiff's "Motion For Remand To State Court" (Ct. Rec. 9).

    Neither the Defendant or the "Intervenor-Movant," HMS-Kennewick, L.P., has responded to this motion within the time allowed by LR 7.1(c).[1] It appears a response was due no later than August 4. A failure to timely file a memorandum of authorities in opposition to any motion may be considered as consent on the part of the party

---

[1] The "Notice of Removal" was purportedly filed on behalf of both Defendant The Orchard At Hansen Park, LLC, and "Intervenor-Movant" HMS-Kennewick, L.P.

**ORDER GRANTING MOTION
FOR REMAND TO STATE COURT-    1**

1  failing to file such memorandum to the entry of an order adverse to the party in

2  default. LR 7.1(h)(5).[2]

3    Based on LR 7.1(h)(5) and good cause otherwise appearing from the Plaintiff's

4  memorandum of authorities (Ct. Rec. 10) and the affidavit of Plaintiff's counsel (Ct.

5  Rec. 11), the "Motion For Remand To State Court" (Ct. Rec. 9) is **GRANTED** and

6  this matter is **HEREBY REMANDED** to Spokane County Superior Court. This

7  remand is pursuant to 28 U.S.C. §1447(c) because of the lack of federal subject

8  matter jurisdiction and the procedural defect identified by Plaintiff (proper party did

9  not file the "Notice of Removal"). It is also pursuant to the court's inherent authority

10  to remand the action to Spokane County Superior Court to enforce the forum-

11  selection clause in the Orchard LLC Agreement. *Snapper, Inc. v. Redan*, 171 F.3d

12  1249, 1263, fn. 26 (11th Cir. 1999).

13    An order remanding the case pursuant to §1447(c) may require payment of just

14  costs and any actual expenses, including attorney fees, incurred as a result of the

15  removal. 28 U.S.C. §1447(c). Because no opposition to the Motion For Remand was

16  filed, the court is inclined to award fees and costs to the Plaintiff. The court,

17  however, believes that in light of the representation that there was to be a stipulated

18  remand, it must give the Defendant and/or the "Intervenor-Movant" an opportunity

19  to show cause why fees and costs should not be awarded. Within seven (7) calendar

20  days of the date of this order, Defendant and/or the "Intervenor-Movant" shall show

21  cause in writing, if any, why fees and costs should not be awarded to Plaintiff. They

---

22  [2] The court received a telephone call from counsel for Defendant and/or
"Intervenor-Movant" on August 17, indicating the parties would be submitting a
23  stipulated order of remand to the court. No such stipulation was received and a
24  follow-up call was placed to counsel for the Plaintiff, the moving party, who
25  indicated there would be no stipulated remand because there was no agreement on
the issue of fees and costs. Accordingly, the court proceeds to hear this motion
26  without oral argument and to issue this order.

27  **ORDER GRANTING MOTION**
28  **FOR REMAND TO STATE COURT-    2**

may not, however, argue that removal was in fact proper and effectively ask this court to reconsider the order of removal. This will not be allowed because there was no effort to file any opposition in the first instance, and because reconsideration of orders of remand based on §1447(c) is statutorily precluded. 28 U.S.C. §1447(d) ("An order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise . . . "). Within seven (7) calendar days of the date of this order, Plaintiff's counsel shall serve and file an affidavit itemizing fees and costs "incurred as a result of removal" and thereafter, unless additional submissions are warranted, this court will make a determination of whether to award fees and costs and the amount thereof.[3]

    **IT IS SO ORDERED.** The District Executive is directed to enter this order and forward copies to counsel of record.

    **DATED** this 24th of August, 2006.

                                    ALAN A. McDONALD
                            Senior United States District Judge

---

    [3] An award made after remand is permissible. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). If there is an award, it will be a joint and several award against The Orchard At Hansen Park, LLC, and HSM-Kennewick, L.P, notwithstanding the fact that HSM-Kennewick, L.P, as a mere prospective intervenor-defendant in the Spokane County Superior Court action, was not legally permitted to remove the action to federal court. The fact is that despite this, HSM-Kennewick, L.P., is responsible, at least in part, for the improper removal.

**ORDER GRANTING MOTION
FOR REMAND TO STATE COURT-    3**